# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50409
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN GONZALEZ-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-619-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Martin Gonzalez-Gonzalez (Gonzalez) appeals his within-guidelines sentence of 30 months in prison following his guilty-plea conviction for illegal reentry. Gonzalez argues that his sentence should not be accorded the presumption of reasonableness applied to a within-guidelines sentence given that it was enhanced by a guideline lacking empirical support. He failed to raise this issue in the district court, resulting in review only for plain error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50409

*See United States v. Campos-Maldonado,* 531 F.3d 337, 339 (5th Cir. 2008). In any event, Gonzalez concedes his contention is foreclosed by precedent, and he raises it only to preserve it for possible further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009).

Gonzalez argues next that, in light of the circumstances surrounding his offense and his criminal history, his sentence is substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). His forfeited substantive reasonableness challenge is likewise reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The district court considered Gonzalez's request for a sentence variance, but it ultimately determined that a 30-month sentence was fair and reasonable. In doing so, the court considered the advisory guidelines range and the sentencing factors of § 3553(a). Gonzalez has not shown that his sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). We affirm the judgment of the district court.

AFFIRMED.